UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY A. DAY,

    Plaintiff,

v.

Case No. 19-11311
HON. DENISE PAGE HOOD

GENERAL MOTORS COMPANY
and MARY T. BARRA,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S EMERGENCY
MOTION FOR REHEARING OR RECONSIDERATION [ECF No. 32]**

## I.    INTRODUCTION

*Pro se* Plaintiff filed the instant cause of action on May 6, 2019, and filed an amended complaint on May 29, 2019 (the "Amended Complaint"). On September 13, 2019, Defendants filed a Motion to Dismiss and a Motion to Change Venue. Plaintiff filed a response to those motions, and he did not attempt to further amend – or seek leave to amend – his Amended Complaint. On November 20, 2019, the Court granted the Motion to Dismiss and dismissed Plaintiff's cause of action. ECF Nos. 30, 31.

On November 21, 2019, Plaintiff filed an Emergency Motion for Rehearing or Reconsideration. ECF No. 32.

## II.    LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

### III.   ANALYSIS

Plaintiff argues that the Court engaged in piecemeal litigation because "**[t]he court did not address the issue that Plaintiff has a right to file an Amended**

**"Class Action" Complaint."** ECF No. 32, PgID 364 (bold and underline in original). Although Plaintiff referenced a right to file an amended class action complaint more than once in his response brief, there was no argument regarding amendment of his complaint set forth in the response brief that required resolution by the Court. For that reason, the Court had no reason to address, and did not err when it did not address, Plaintiff's right to file an amended class action complaint in the November 20, 2019 Order.

The docket reflects that Plaintiff did not file an amended class action complaint at any time. And, as Plaintiff had filed an amended complaint as of right prior to Defendants filing the Motion to Dismiss (and did not file an amended complaint in response to the Motion to Dismiss), Plaintiff had to seek leave of the Court to file another amendment to his complaint. Fed.R.Civ.P. 15(a)(2). By failing to file an amended class action complaint – or seeking leave to file an amended class action complaint – prior to the dismissal of his cause of action, Plaintiff waived his right to file an amended class action complaint in the instant cause of action. Accordingly, the Court rejects Plaintiff's argument that there was any palpable defect with respect to the filing of an amended class action complaint.

The balance of Plaintiff's Emergency Motion for Rehearing or Reconsideration largely consists of regurgitated arguments previously set forth in his response to the

Motion to Dismiss.  Specifically, Plaintiff seeks to reargue Defendant Mary Barra's alleged: (a) breach of contract with Plaintiff; and (b) use of a shell corporate game to "'cunningly, deceptively and misleading[ly]'" (fraud) conceal and cover-up the deficient electrical system to prevent a 'recall' to remedy the deficient electrical system" in the General Motors Chevrolet Spark 1LT.  As set forth above, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

For the reasons stated above, the Court finds that Plaintiff has demonstrated no palpable defect by which the Court and the parties were misled or how correcting any defect would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3).  Accordingly, for all of the reasons stated above, Plaintiff's Emergency Motion for Reconsideration is denied.

**V.     CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendant's Emergency Motion for Rehearing or Reconsideration [ECF No. 32] is DENIED.

s/Denise Page Hood  
United States District Court Judge

Dated: May 18, 2020